Matter of Shasanmi (2018 NY Slip Op 07846)





Matter of Shasanmi


2018 NY Slip Op 07846


Decided on November 15, 2018


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta, Presiding Justice, David Friedman, Barbara R. Kapnick, Marcy L. Kahn, Cynthia S. Kern, Justices.


M-4090

[*1]In the Matter of John Omololu Shasanmi, an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, John Omololu Shasanmi, (OCA Atty. Reg. No. 4421913) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, John Omololu Shasanmi, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on June 27, 2006.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Kevin M. Doyle, of counsel), for petitioner.
Andre G. Travieso, Esq. for respondent.



PER CURIAM


Respondent John Omolulu Shasanmi was admitted to the practice of law in the State of New York by the Third Judicial Department on June 27, 2006. Because respondent's prior registered address was within the First Judicial Department when and where the misconduct at issue occurred, the First Department has jurisdiction pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) 1240.7(a)(2).
By notice of motion, respondent seeks an order, pursuant to 22 NYCRR 1240.10, accepting his resignation as an attorney and counselor-at-law licensed to practice law in the State of New York. The Attorney Grievance Committee (Committee) does not oppose the application and asks this Court to accept respondent's resignation.
In his affidavit, respondent acknowledges that he is the subject of an investigation by the Committee involving allegations of professional misconduct regarding his failure to open an attorney trust account and maintain bookkeeping records, his use of a personal bank account as a depository for his clients' escrow funds and his use of those funds, which exceeded $600,000, for personal purposes. Respondent attests that he cannot successfully defend himself against these allegations based upon the facts and circumstances of the professional conduct described herein. He further discloses that in July 2018, he was indicted in Supreme Court, New York County, on two counts of grand larceny in the second degree (Penal Law § 155.40[1]), a class C felony, and one count of criminal possession of a forged instrument in the third degree (Penal Law § 170.20), a class A misdemeanor, based on the allegations under investigation by the Committee.
Respondent submits his resignation freely and voluntarily, without coercion or duress, and with full awareness of the consequences, including that upon the Court's acceptance and approval, an order of disbarment striking his name from the roll of attorneys shall be entered. He consents to an order by this Court directing him to make monetary restitution to the affected client, Second Providence Church, and he agrees that pending issuance of an order accepting his resignation, he shall not undertake to represent any new clients or accept any retainers for future legal services and there will be no transactional activity in any fiduciary account to which he has access, other than for payment of funds on behalf of clients or others entitled to them.
In light of respondent's compliant affidavit and the Committee's support, we accept respondent's resignation.
Accordingly, the motion should be granted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to August 15, 2018 (see Matter of Dubal, 151 AD3d 34[1st Dept 2017]; Matter of Wallen, 149 AD3d 235 [1st Dept 2017]). Respondent is also directed, pursuant to Judiciary Law § 90(6-a), to make restitution to Second Providence Church in the amount of $601,874.99 and to reimburse the Lawyers' Fund for Client Protection for any award(s) made to Second Providence Church in connection with its loss caused by respondent's misconduct.
All concur.
Order filed. [November 15, 2018]
Ordered that the motion is granted, respondent's resignation is accepted and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to August 15, 2018, and it is further,
Ordered that pursuant to Judiciary Law § 90(6-a), respondent is directed to make restitution to Second Providence Church in the amount of $601,874.99 and to reimburse the Lawyers' Fund for Client Protection for any award(s) made to Second Providence Church in connection with its loss caused by respondent's misconduct.